UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                                                  Chapter 13

Eugene Marve,                                    Case No. 15-32251-jda

                   Debtor.                              Hon. Joel D. Applebaum
_____/

**OPINION DENYING MOTION FOR A FINDING OF "CAUSE"
PURSUANT TO 11 U.S.C. § 349(b)**

Before the Court is the motion of Debtor's counsel, Frego & Associates – The Bankruptcy Law Office, P.L.C. ("Frego & Associates"), for a finding of "cause" under 11 U.S.C. § 349(b)(3) (the "Motion"). Specifically, Frego & Associates seeks payment of its attorney fees out of undistributed funds held by the Standing Chapter 13 Trustee ("Trustee") at dismissal of Debtor's confirmed chapter 13 case. For the following reasons, the Motion is DENIED.

**Jurisdiction**

This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(A), over which this Court has jurisdiction pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157(a).

**Facts**

The following factual recitation is based upon the sparse factual statements contained in the Motion and the Court's review of the record in this case. On September 18, 2015, Debtor Eugene Marve filed his Chapter 13 bankruptcy petition. On January 13, 2016, the Court entered an Order Confirming Plan [Dkt. No. 38]. On February 23, 2016, shortly after the Order

Confirming Plan was entered, the Court awarded Frego & Associates $6,952 in fees and $329.32 in expenses for its pre-confirmation work in this case [Dkt. No. 45].[1]

Following plan confirmation, the Court awarded post-confirmation fees and expenses in the amount of $148.77 on September 2, 2016 [Dkt. No. 48], $2,886.16 on January 24, 2018 [Dkt. No. 76], and $2,414.95 on February 7, 2019 [Dkt. No. 130].

On July 17, 2019, the Court entered an Order dismissing this case [Dkt. No. 143]. On August 9, 2019, Frego & Associates filed a fee application seeking additional post-confirmation fees and expenses in the amount of $2,950 [Dkt. No. 145]. On August 30, 2019, the Trustee filed his Objection to this most recent fee application stating that the Trustee currently has on hand $22,684.20, and arguing that, although the *proposed* fee order directs payment to Frego & Associates, the firm had not established cause under § 349(b). [Dkt. No. 146]. A hearing on the fee application was scheduled and adjourned.

The present Motion was filed on October 3, 2019 [Dkt. No. 151]. No party filed a response to this Motion and, on October 31, 2019, Frego & Associates filed a Certification of Non-Response and proposed order [Dkt. No. 152]. Consistent with the proposed order filed with the most recent fee application, the proposed order "finding cause" directs the Trustee "to pay all outstanding fee [sic] on debtor's counsel's outstanding post-confirmation attorney fees."[2] *Id*.

## **Analysis**

Section 349 of the Bankruptcy Code addresses the effects of dismissal. Section 349(b)(3) states, in relevant part, that "[u]nless the court, **for cause**, orders otherwise, a dismissal of a case.

---

[1] In its Motion, Frego & Associates asserts that the Order Confirming Plan awarded $3,400 for pre-confirmation work. That assertion is incorrect. The Order Confirming Plan does not set forth a specific amount of fees awarded for pre-confirmation work.

[2] The Motion indicates that post-confirmation fees in the amount of $2,950 remaining due and owing. The Motion does not show amounts previously awarded and paid post-confirmation, and the Court makes no finding that the amount set forth in the Motion is accurate.

. . revests the property of the estate in the entity in which such property was vested immediately before the commencement of the case under this title." 11 U.S.C. § 349(b)(3) (emphasis added).

According to the court in *In re Hooks*, 577 B.R. 415, 417-18 (Bankr. M.D. Ala. 2017), "The purpose of § 349(b) is to undo the bankruptcy case and restore all the parties to the positions they were found before the case. . . . This section effectively undoes the bankruptcy case, as far as practicable, and restores all property to its prepetition state." (internal citations omitted). As Chief Bankruptcy Judge Shefferly explained in *In re Bateson*, 551 B.R. 807, 813 (Bankr. E.D. Mich. 2016): "'[A]fter a bankruptcy case is dismissed, the debtor returns to the status he or she was in before the petition was filed.'. . . That means that any funds paid by a debtor to a Chapter 13 trustee that are still held by the trustee on dismissal must be returned to the debtor under § 349(b)".

The only exception to the general re-vesting rule requires a showing of "cause." The Bankruptcy Code does not define "cause." Most of the case law dealing with the "for cause" exception involve some type of inequity or bad faith. For example, in *Viegelahn v. Lopez*, 570 B.R. 51 (W.D. Tex. 2017), the debtors concealed the sale of their home for three years. The sale proceeds lost their exempt status and the court found cause to distribute those proceeds to creditors upon dismissal. In the case *In re Haddad*, 572 B.R. 661, 677 (Bankr. E.D. Mich. 2017), the debtor failed to timely disclose a post-petition personal injury lawsuit and settlement and dismissed the bankruptcy case before the hearing on approval of the settlement specifically to avoid sharing the settlement proceeds with creditors. While the court found no bad faith *per se*, it did find sufficient "gamesmanship" to establish cause under Section 349(b)(3). Similarly, in *In re Hamilton*, 493 B.R. 31 (Bankr. M.D. Tenn. 2013), the court recognized that creditors may have equitable arguments for a share of the "undistributed pie".

3

There are very few cases which address the "for cause" exception in the context of using funds held by the Trustee at dismissal to pay attorney fees. In *Hooks*, *supra*, the attorney's fee application stated that she had "filed papers with the Court and attended a meeting of creditors and a confirmation hearing," and her contract included a provision that "upon dismissal, any funds held by the Trustee and paid over to the debtor [would] be paid to [the attorney]." The court nevertheless denied the request to pay her attorney fees from funds on hand, concluding that no "cause' had been established. The court stated that "[i]f the court accepted [the attorney's] argument here, it would be bound to pay over funds to any debtors' counsel who arguably did her job. That, in itself, could never be the case or a showing of cause would be nearly meaningless." *Id.* at 418. The court went on to "insist that debtors' counsel do something more than ask to be paid to make a showing of cause." *Id.* at 419. In *In re Demery*, 570 B.R. 220 (W.D. La. 2017), a case involving similar facts, the court came to the same conclusion -- absent inequity or bad faith, the legal work performed by an attorney in a chapter 13 case does not constitute "cause," which under 349(b), would entitle the attorney to payment from funds on hand post-dismissal.

In this case, Frego & Associates asserts that there is "cause" sufficient to entitle it to payment of any funds held by the Chapter 13 Trustee post-dismissal because "debtor received the benefit of the continued automatic stay and any services rendered on her [sic] behalf to sustain the case, maintain the automatic stay, and all continued efforts to properly administer her [sic] case." (Motion ¶ 9). In other words, counsel argues that it competently performed the work, and that is sufficient "cause" to entitle it to direct payment out of funds on hand with the Trustee. The Court recognizes the importance that lawyers in bankruptcy cases be paid. However, neither the Code nor applicable case law support the assertion that the mere performance of legal work in a chapter

4

13 case, however competent, establishes "cause" sufficient to allow the payment of attorney fees from funds held by the Trustee upon dismissal of the case.

While the Bankruptcy Code does not expressly require a showing of either bad faith or inequity to establish "cause" under § 349(b), the "for cause" language in § 349(b) was deliberately included by Congress, presumably to address circumstances where it would be unfair or inappropriate to allow funds to be returned to a debtor. The cases arising under § 349(b) generally address situations in which creditors or other parties were uniquely disadvantaged by the circumstances or implications of dismissing the chapter 13 case; disadvantages that could be redressed, at least in part, by allowing a trustee to pay funds on hand to that party rather than returning the funds to the debtor. Routine attorney fees are a different matter. As Chief Bankruptcy Judge Shefferly explained in *Bateson*:

> The facts that the Trustee relies upon in support of his assertion of cause are hardly unique to this case. In many respects, they are typical of unsuccessful Chapter 13 cases: the Debtor missed payments yet enjoyed the benefit of the automatic stay while she tried to pay all of her creditors 100% during her Chapter 13 case. And the Trustee's contention that the Debtor "unilaterally controlled the timing of the dismissal" merely recites what § 1307(b) expressly provides: a debtor may dismiss her Chapter 13 case "at any time." By themselves, those facts do not constitute cause under § 349(b)(3).

*Bateson*, 551 B.R. at 814.

The instant Motion asserts only that Frego & Associates competently performed services for matters which, like *Bateson*, are not atypical in a dismissed chapter 13 case. However competently performed, these services simply do not rise to the level of "cause" required by § 349(b)(3). Therefore, any funds held by the Chapter 13 Trustee at the time Debtor's case was dismissed must be returned to Debtor, and the Motion for Finding "Cause" Pursuant to 11 U.S.C. § 349(b) must be DENIED.

**Signed on November 01, 2019**

/s/ Joel D. Applebaum
Joel D. Applebaum
United States Bankruptcy Judge